Shauck, C. J.
The substantial question in the case is, did the evidence tend to show that Wain had authority to make a contract binding upon Weatherhead for the sale of the lot? The significant fact of which all parties to the transaction were aware was, that Wain was a real estate broker. His business was to find intending purchasers and bring them to those who had real estate for sale, and who had employed him for that purpose. It was in that capacity that he was approached by Weatherhead and that the conversations between them were carried on. The subject of executing a contract of sale on the owner’s behalf with one who might desire to become a purchaser was not considered or mentioned in any of the conversations. The conversations were such only as would naturally occur between an owner of property desirous of selling it and a broker engaged in the business of finding purchasers. If it should be conceded that by custom a real estate broker might, without special and express authority, execute a contract of this character binding upon the qwner who placed his land in his hands for sale, the attempt to show that such a custom existed failed utterly in the present case. It is in accordance with common understanding that one soliciting the services of a real estate broker, when nothing more appears, reserves to himself the power to *108 conclude the sale. A reference to the cases cited in the reporter’s abstract of the briefs will show that the cases are generally in accordance with this view. It is to be observed that the question is not affected at all by any of the cases which determine the right of the broker to compensation. That obligation Weatherhead has conceded in the present case, and he has discharged it. While some support to the opposite view may be derived from two of the cases cited in the brief of the defendant in error, they must be regarded as in conflict, not .only with the current of authority upon the subject, but with the common understanding of business men. There was, therefore, no original authority in Wain to execute the contract.
But it is said that if there was not original authority given to Wain to execute the contract, the contract was subsequently ratified by Weather-head. The case presents no element of ratification. The money delivered to Wain on account of the proposed purchase was not accepted by Weather-head, if indeed he was informed of the fact that it had been paid to Wain. Weatherhead did nothing but retain the copy of the contract tendered to him for brief and reasonable consideration, and then exercised his right to decline to execute it. The position of Ettinger was in no way changed in consequence of anything that was done or omitted by Weatherhead.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Price, Crew, Summers,- Spear and Davis JJ., concur.